H. J. BAKER & BRO. *v.* UNITED STATES (No. 4612)[1]

---

[1] C. A. D. 419.

United States Court of Customs and Patent Appeals, November 7, 1949

*Eugene R. Pickrell* (*Michael Stramiello, Jr.* of Counsel) for appellant.
*David N. Edelstein*, Assistant Attorney General (*Joseph F. Donohue*, special attorney, of counsel), for the United States.

[Oral argument October 6, 1949, by Mr. Stramiello and Mr. Donohue]

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, and JOHNSON, Associate Judges

JOHNSON, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Third Division, C. D. 1131 (21 Cust. Ct. 76), overruling two protests of appellant, Protests 121149–K/2951 and 121150–K/2952, against the classification by the Collector of Customs at the port of New York, under paragraph 730 of the Tariff Act of 1930, 19 U. S. C. A. 1001, par. 730, of sunflower seed meal imported into the United States from Uruguay on November 30 and December 12, 1944, at the rate of three-tenths of 1 cent per pound, as vegetable oil-cake meal, not specially provided for.

The protests claim that the merchandise involved is free of duty under paragraph 1685 of the Tariff Act of 1930, 19 U. S. C. A. 1201, par. 1685, as a substance used chiefly for fertilizer, or chiefly as an in gredient in the manufacture of fertilizer, or that it is dutiable at 5 per centum ad valorem under paragraph 730, as amended by the trade agreement with Mexico, T. D. 50797, as mixed feed. The latter claim was abandoned by appellant at the trial in the Customs Court.

The pertinent provisions of the Tariff Act of 1930 are as follows:

PAR. 730. Bran, shorts, by-product feeds obtained in milling wheat or other cereals, 10 per centum ad valorem; hulls of oats, barley, buckwheat, or other grains, ground or unground, 10 cents per one hundred pounds; dried beet pulp, malt sprouts, and brewers' grains, $5 per ton; soy bean oil cake and soy bean oil-cake meal, three-tenths of 1 cent per pound; all other vegetable oil cake and oil-cake meal, not specially provided for, three-tenths of 1 cent per pound; mixed feeds, consisting of an admixture of grains or grain products with oil cake, oil-cake meal, molasses, or other feedstuffs, 10 per centum ad valorem.

PAR. 1685. Guano, basic slag (ground or unground), manures, and (notwithstanding any other provision of this chapter) those grades of all other substances used chiefly for fertilizers, or chiefly as an ingredient in the manufacture of fertilizers.

Under the claims set forth in its protests and under the principles of customs litigation, appellant has the two-fold burden of proving not only that the classification made by the Collector of Customs was erroneous but also he must show affirmatively that his own contention is correct. *United States* v. *Gardel Industries*, 33 C. C. P. A. (Customs) 118, 121, C. A. D. 325; *Joseph E. Seagram & Sons, Inc.* v. *United States*, 30 C. C. P. A. (Customs) 150, 157, C. A. D. 227.

Appellant introduced into evidence the testimony of five witnesses, and the Government none. Both sides introduced several exhibits.

Appellant contends that "chief use" of merchandise should be determined by its use "at a time prior or subsequent but near enough to the date of importation and under such circumstances as will reflect the chief use of the goods on the date of importation." Appellant introduced evidence that the merchandise here involved was sold, after importation, and that the purchaser used the merchandise in the manufacture of fertilizer. However, evidence as to the chief use of the merchandise after importation is not sufficient to establish chief use of the merchandise at the date of or immediately prior to the date of importation. The acutal use of the merchandise at bar does not determine the classification. *Pacific Guano & Fertilizer Co. et al.* v. *United States*, 15 Ct. Cust. Appls. 218, T. D. 42240; *Bangor & Aroostook Railroad Co.* v. *United States*, 20 C. C. P. A. (Customs) 96, T. D. 45724.

Appellant also produced one witness who testified that he was employed by appellant as a trader; that he had bought and sold sunflower seed meal since 1940 both for fertilizer and for feed purposes; that there was no market for sunflower seed meal during November and December 1944; that there was a decided lull in the feed market generally from October through December 1944; that he got in touch with 9 or 10 concerns, including some of the principal crushers of oil meals, and brokers and dealers in various oil meals, also with the Department of Agriculture, in an attempt to learn whether or not sunflower seed meal was produced in the United States and sold domestically during 1944 and 1945, but that he could get no information about the product and could not find anyone who had any experience in handling it; that there were one or two importations of sunflower seed meal at about the same time as the one here involved and that the only concerns that had imported sunflower seed meal were a company in Houston, Texas, a company in New York, and the appellant; that as a result of his investigation as to imported sunflower seed meal he found that the chief use was for fertilizer.

We cannot give much weight to the conclusion of this witness that

he found the chief use of sunflower seed meal was for fertilizer. He testified that he could not find anyone who produced sunflower seed meal domestically or anyone who had any experience in handling it, also, that he had no knowledge of any importations other than those above mentioned. His testimony clearly showed that he had no knowledge as to the chief use of sunflower seed meal on the date of or immediately prior to the date of importation of the merchandise at bar.

Appellant failed to produce any evidence of the "chief use" of sunflower seed meal at the date of or immediately prior to the date of importation of the sunflower seed meal here involved. Evidence of one witness that he inquired of 9 or 10 concerns and the Department of Agriculture in an attempt to learn whether or not sunflower seed meal was produced in the United States and sold domestically during 1944 and 1945 but that he could not find anyone who had experience in handling it falls far short of proving the "chief use" of sunflower seed meal and is not sufficient to sustain appellant's burden of proving that sunflower seed meal was chiefly used as an ingredient in the manufacture of fertilizer at or immediately prior to the date of importation.

Where classification of designated merchandise under a particular paragraph is expressly declared to be dependent upon chief use, such use is to be determined as of the date of importation or immediately prior thereto. *W. J. Lake & Co. Inc.* v. *United States*, 27 C. C. P. A. (Customs) 247, C. A. D. 94; *Bangor & Aroostook Railroad Co. et al.* v. *United States, supra.*

Appellant produced other witnesses who testified as to the use of imported sunflower seed meal at dates subsequent to the dates of importation of the involved merchandise, but this testimony is of no value in reaching a decision in the instant case. Appellant has the burden of proving that sunflower seed meal was chiefly used as an ingredient in the manufacture of fertilizer at or prior to the date of importation of the merchandise here involved. This he has failed to do.

Appellant contends that "The term 'used chiefly' as used in paragraph 1685 of the Tariff Act of 1930, requires an interpretation which will not violate the uniformity requirement of article I, section 8, clause 1 of the Constitution of the United States of America." That is a correct statement of the law. The Constitutional provision above referred to reads as follows:

SECTION 8. The Congress shall have Power To lay and collect Taxes, Duties, Imposts and Excises, to pay the Debts and provide for the common Defence and general Welfare of the United States; but all Duties, Imposts and Excises shall be uniform throughout the United States;

Appellant contends "that the interpretation of the words 'used chiefly' by the United States Customs Court in its decision in the case

at bar, renders paragraph 1685, *supra,* unconstitutional, and transcends the intention of Congress that statutes enacted by it should not be interpreted so as to render them in violation of the provisions of the Constitution of the United States of America." We have carefully reviewed the decision of the Customs Court in the case at bar but can find nothing in that court's interpretation of the words "used chiefly" which "renders paragraph 1685, *supra,* unconstitutional." See *Knowlton* v. *Moore,* 178 U. S. 41, 83 *et seq.,* 106.

Inasmuch as appellant failed to establish at the trial below that at, or immediately prior to, the importation of the involved sunflower seed meal, merchandise of the class here involved was chiefly used for fertilizer, or as an ingredient in the manufacture of fertilizer, we must *affirm* the decision of the Customs Court herein as being proper.

By reason of illness, HATFIELD, Judge, was not present at the argument of this case and did not participate in the decision.